UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN MOWRY, JR.,

    Petitioner,

v.                                           CAUSE NO. 3:21-CV-629-DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

John Mowry, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-9-386) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of attempted escape in violation of Indiana Department of Correction Offense 108/111. Following a hearing, he was sanctioned with the loss of 180 days earned credit time.

Mr. Mowry argues that he is entitled to habeas relief because the administrative record contained insufficient evidence to support a finding that he attempted to escape.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that he found that Inmate Wagner was not in his cell but had arranged his bed to make it appear that he was. ECF 10-1. Inmate Wagner was found in Mr. Mowry's cell. *Id.* According to the conduct report, Mr. Mowry manipulated his door to allow Inmate Wagner to enter his cell and helped Inmate Wagner hide as correctional staff made rounds. *Id.* The administrative record also includes a video surveillance recording that is consistent with the conduct report. *Id.*

The administrative record may lack evidence to suggest that Mr. Mowry attempted to escape himself, but it appears that Mr. Mowry was found guilty of aiding and abetting Inmate Wagner's attempted escape. Though the conduct report and the screening report state that Mr. Mowry was charged with "Attempted Escape," they also indicate that he was charged with Offense 111, which is defined as, "attempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense" in addition to Offense 108 - Escape. ECF 10-1, ECF 10-3, ECF 11. The nature of the charge is somewhat ambiguous based on the stated offense and the offense number alone, but the factual allegations of the conduct report adequately clarify that Mr. Mowry was charged with aiding or abetting Inmate Wagner's attempted escape. *See Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) ("The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge."). The conduct report and the video surveillance recording constitute some evidence that Mr. Mowry aided and abetted Inmate Wagner in attempting to escape. Therefore, the

2

claim that the hearing officer did not have sufficient evidence for a finding of guilt is not a basis for habeas relief.

In sum, Mr. Mowry has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Mr. Mowry wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). He may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 5);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES John Mowry, Jr., leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

January 20, 2022                             *s/ Damon R. Leichty*
                                             Judge, United States District Court